1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEO SAMUEL ARCHER,

11               Plaintiff,                    No. CIV S-07-2761 MCE DAD P

12         vs.

13   SOLANO COUNTY
     SHERIFF'S DEP'T, et al.,

14
                 Defendants.            ORDER
15   _____/

16          Plaintiff is a civil detainee proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

                                           1

the preceding month's income credited to plaintiff's jail trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

2

1   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

3   (1969).

4            The Civil Rights Act under which this action was filed provides as follows:

5            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
6            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
7            law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15           Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20  allegations concerning the involvement of official personnel in civil rights violations are not

21  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22           In the present case, plaintiff has identified as defendants the Solano County

23  Sheriff's Department, Captain Bivens, Lieutenant Bradford, Lieutenant Marsh, Classification

24  Officer Duncan, Floor Officer Lombardo, Solano County's County Counsel, Solano County

25  Superior Court Judge Harry S. Kinnicutt and DOES 1-10.

26  /////

                                                    3

1    In his complaint, plaintiff alleges that on September 17, 2007, pursuant to a

2    Superior Court order, he was transferred to the Solano County Jail.  Plaintiff asserts that the jail's

3    classification committee has forced him to be confined in disciplinary isolation and

4    administrative segregation instead of in the civil commitment section of the jail even though he

5    had not received any disciplinary actions.  Plaintiff also alleges that he has been subjected to

6    improper treatment, degrading comments and humiliation.  In addition, plaintiff claims that

7    defendants have forced him to wear leg irons during transport causing a gash near his achilles

8    tendon.  Plaintiff requests, among other things, declaratory relief and monetary relief.

9    The allegations in plaintiff's complaint are so vague and conclusory that the court

10   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

11   Moreover, since filing his complaint, plaintiff has submitted six "supplemental filings" to the

12   court elaborating on his allegations and his attempt to exhaust his administrative remedies.

13   Plaintiff complaint and supplemental filings do not comply with Rule 8 of the Federal Rules of

14   Civil Procedure.  Although the Federal Rules adopt a flexible pleading policy, a complaint must

15   give fair notice to the defendants and must allege facts that support the elements of the claim

16   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

17   Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

18   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint

19   on the form provided by this court.

20   If plaintiff chooses to file an amended complaint, he should identify each

21   defendant by name and state therein all of the claims that he seeks to bring in this action.  The

22   court will not allow the piecemeal filing of supplemental complaints in this action.  See Local

23   Rule 15-220.  In addition, in the section of the complaint form in which the plaintiff is required

24   to set forth a brief statement of the facts of the case, he must describe how each defendant has

25   deprived him of his constitutional rights.  Plaintiff is advised that there can be no liability under

26   42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

1    actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>,

2    633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague

3    and conclusory allegations of official participation in civil rights violations are not sufficient.

4    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

5    　　　　If plaintiff files an amended complaint, he is advised that, under the Due Process

6    Clause of the Fourteenth Amendment, persons who have been involuntarily committed retain

7    substantive liberty interests, which include the right to adequate food, shelter, clothing, as well as

8    to medical care, safe conditions of confinement and freedom from unnecessary bodily restraint.

9    <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315-16 (1982).  States also must provide civilly-committed

10   persons with access to mental health treatment that provides them a realistic opportunity to be

11   cured and released.  <u>Sharp v. Weston</u>, 233 F.3d 1166, 1172 (9th Cir. 2000).

12   　　　　Plaintiff is informed that the court cannot refer to a prior pleading in order to

13   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

14   complaint be complete in itself without reference to any prior pleading.  This is because, as a

15   general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375

16   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19   　　　　Also before the court is plaintiff's "motion for reconsideration pursuant to Rule

20   60(b)" and his defective motion for a preliminary injunction.  In plaintiff's Rule 60(b) motion, he

21   asks the court to reconsider the classification of this case as a prisoner case because he is a civil

22   detainee and not a state prisoner.  Plaintiff is advised that the court recognizes his status as a civil

23   detainee who was found not guilty by reason of insanity.  Plaintiff is also advised that a motion

24   brought under Rule 60(b) at this time is in error because the court has not issued any judgment in

25   this action.  Accordingly, plaintiff's motion will be denied.

26   /////

1    In plaintiff's defective motion for preliminary injunctive relief,[1] he asks the court

2 to require the Solano County Jail to recognize him as a civil committee and to prohibit the jail

3 from housing him with the general population.  Not long after filing his motion for preliminary

4 injunctive relief, plaintiff submitted a supplemental filing, explaining that "plaintiff is now being

5 provided the appropriate classification, housing rights, and previledge's [sic] of those classes of

6 person's [sic] deemed civil commitment's [sic]."  Accordingly, plaintiff's motion will be denied

7 as moot.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's December 21, 2007 application to proceed in forma pauperis is

10 granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12 The fee shall be collected and paid in accordance with this court's order to the Sheriff of the

13 Solano County Jail filed concurrently herewith.

14    3.  Plaintiff's complaint is dismissed.

15    4.  Plaintiff is granted thirty days from the date of service of this order to file an

16 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

17 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

18 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

19 amended complaint in accordance with this order will result in a recommendation that this action

20 be dismissed without prejudice.

21    5.  Plaintiff's January 11, 2008 motion for reconsideration is denied.

22 /////

23

24    [1]  Plaintiff is advised that the court will not entertain any future request or motion for
injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question
25 of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues
raised by the motion, and (3) evidence of notice to all persons who would be affected.  See Local
26 Rule 65-231.

1            6.  Plaintiff's January 31, 2008 motion for a preliminary injunction is denied as

2  moot.

3            7.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

4  civil rights action.

5  DATED: June 10, 2008.

6

7

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8

9  DAD:9
arch2761.14a

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26